# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ATREYI CHAKRABARTI<br>19711 Wellington Manor Boulevard<br>Lutz, FL 33549; | Civil Action No. 1:21-cv-01945-CCB |
| UDAY BHASKAR ABBURI<br>1000 Riverside Station Boulevard #1436<br>Secaucus, NJ 07094; | **Amended Complaint for Declaratory and Injunctive Relief Under the APA and for a Writ of Mandamus** |
| MOHAN ABBURU<br>5740 White Creek Run<br>Cumming, GA 30040; | |
| MAJID ABDUL<br>16116 NE 15th Street<br>Bellevue, WA 98008; | |
| SREEDHAR REDDY ADAPA<br>2509 N Fontana Street<br>Visalia, CA 93291; | |
| BHAVIK AHIR<br>37 Glen Avenue, Unit 6<br>Chelmsford, MA 01824; | |
| MOINUDDIN AHMAD<br>3491 20th Street<br>San Francisco, CA 94110; | |
| RAVI ALLA<br>3620 Lily Orchard Way<br>Apex, NC 27539; | |
| PRABHU SAMYUKTH ANKALA<br>2405 Berkleys Brook Drive<br>Austin, TX 78738; | |
| SIVAKUMAR BAKTHAVACHALAM<br>37424 Willowood Drive<br>Fremont, CA 94536; | |

PRAVEEN BALAJI
49084 Woodgrove Common
Fremont, CA 94539;

SENTHIL ANAND BALAKRISHNAN
14920 SE 49th Street
Bellevue, WA 98006;

SOMDATTA BANERJEE
300 Cherokee Loop
Mountain View, CA 94043;

ROHIT BANSAL
700 S Abel Street, Unit 511
Milpitas, CA 95035;

RITESH BASATWAR
3004 Grotto Walk
Ellicott City, MD 21042;

VAMSIDHAR BHAGAVATHULA
8326 Chestnut Farm Lane
Ellicott City, MD 21043;

JATIN BHASIN
5 David Drive
Edison, NJ 08820;

KAVITHA BHASKARAN
7466 Stonedale Drive
Pleasanton, CA 94588;

PRASHANT BHARAT BHIDE
27634 NE 151st Place
Duvall, WA 98019;

CHAITHANYA BOTTA KRISHNA
1034 Woodridge Drive
Atlanta, GA 30339;

YUANNAN CAI
885 Schembri Lane
East Palo Alto, CA 94303;

YU CAO
365 Bridle Boast Road
Cary, NC 27519;

VENKAT CHAKRAVARTHY
5649 Holland Lane
San Jose, CA 95118;

DASARATHA RAMAN CHANDRAMOULI
6507 188th Place NE, Unit 107
Redmond, WA 98052;

ANAHIT CHEEMA
61 Ladue Estates Drive
Saint Louis, MO 63141;

CHITHARANJAN CHERUKU
7036 Nueces Drive
Irving, TX 75039;

HEMANTHA CHINNADURAI
5 Driftwood Drive
Woburn, MA 01801;

RANJIT CHITTIBABU SURIYA PRAKASH
22 69 Street, Apt C2
Guttenberg, NJ 07093;

AVINASH DASARI
38 Dogwood Drive
Edison, NJ 08820;

KARTHIK DASARI
5690 Enfield Way
Suwanee, GA 30024;

AVINASH VARMA DATLA
77 Balsam Way
Clifton Park, NY 12065;

MALLIKARJUNA DATLA
4563 Flagstaff Drive
Folsom, CA 95630;

SOUMYARUPA DE
19005 NE Redmond Road
Redmond, WA 98053;

BALAJI DHANASEKARAN
3518 Alden Way, Apt 2
San Jose, CA 95117;

SREEKANTH DHANEKULA
113 Bella Terra Drive
Longview, TX 75605;

ANAND DIGGIKAR
4301 Contessa Court
Lexington, KY 40515;

JAGADEESH LAKSHMI PRASAD
DODDAPANENI
10850 NW 2nd Street, Apt 202
Pembroke Pines, FL 33026;

RAMLOK DOMMARAJU
717 Walsh Hill Trail
Cedar Park, TX 78613;

KIRAN KUMAR REDDY ENDREDDY
4041 Grasmere Run
Mason, OH 45040;

PRANEETH RAJU ERRA
422 Sand Creek Road, Apt 331
Albany, NY 12205;

MALLIKARJUNA RAO GALLA
45 Schoolhouse Landing
East Granby, CT 06026;

JEEVAN GAMBHIR
1009 Amelia Park Drive
Franklin, TN 37067;

ASHISH GANDHI
1366 Turk Street, Apt 5C
San Francisco, CA 94115;

VIJENDAR GANTA
7526 Howell Mountain Road
Dublin, CA 94568;

VENKATA CHANDRA BOSE GANTA
5682 Alderbrook Drive
Dubin, OH 43016;

TEJVARUN GARLAPATI
9801 Hickory Hollow Lane
Irving, TX 75063;

MANASI GHATPANDE
3324 Carriage Point Drive
Durant, OK 74701;

SUNITHA GIRIDHARAN
10132 Crofton Court
Jacksonville, FL 32246;

VIKAS GROVER
2903 Pleasant Glen Drive
Herndon, VA 20171;

NAIQING GU
400 17th Street NW, Apt 1403
Atlanta, GA 30363;

SUDHEER REDDY GUNTAKA
5001 Sheboygan Avenue, Apt 109
Madison, WI 53705;

ANIL KUMAR GUPTA
505 E Exchange Pkwy, Apt 3103
Allen, TX 75002;

AKHILESH GUPTA
27 Canaan Close
New Canaan, CT 06840;

JING HUANG
850B Talbot Avenue
Albany, CA 94706;

SYED HUQ
632 Brook Meadow Drive
Ballwin, MO 63021;

LAKSHMI ISUKAPALLY
2238 E Flandreau Road
Phoenix, AZ 85024;

SHIVANI ARUN JAIN
2002 18th Avenue NE, Unit B
Issaquah, WA 98029;

ANIL KUMAR JAIN
625 Parkway Boulevard, Apt 1711
Coppell, TX 75019;

MANPREET JAMMU
3721 226th Place SE
Bothell, WA 98021;

SRINIVASA JAMPANA
865 Five Oaks Lane
Collierville, TN 38017;

AJAY JOGLEKAR
874 San Juan Drive
Sunnyvale, CA 94085;

SUDHIN JUSTIN
15425 Smithfield Drive,
Westfield, IN 46074;

SATISH KADAM
998 233rd Place NE
Sammamish, WA 98074;

SAGAR KALE
4038 Brookfield Run Lane
Sugar Land, TX 77479;

VINEETHA KALVAKUNTA
14820 Redmond Way, Apt 225
Redmond, WA 98052;

ASHWAGHOSH KAMBLE
2 Farmington Drive
Shrewsbury, MA 01545;

SANTOSH KUMAR KANCHA
1002 Lamb Court
Pleasanton, CA 94566;

PRAVEEN KANNEGANTI
1283 Flatrock Lane
Collierville, TN 38017;

SAI KUMAR KARRE
440 Nottingham Lane
Collegeville, PA 19426;

SRIVIDYA KASTURI
37200 Meadowbrook Common, Unit 202
Fremont, CA 94536;

VEERA VENKATA RAMA RAO KASULA
17 Cannon Street
North Brunswick, NJ 08902;

HEMANT KATARIA
1000 3rd Street, Unit 507
San Francisco, CA 94158;

SARAVANAN KATHIRVELU
9710 Kingsbridge Drive, Apt 204
Fairfax, VA 22031;

AVANTHI KATRAGADDA
4915 Morris Avenue, Apt 3905
Addison, TX 75001;

SREEDHAR KATRAGADDA
214 Bellemeade Street, Apt 403
Greensboro, NC 27401;

SYAM KAVALA
3713 Justine Drive
San Jose, CA 95124;

AKSHAY KAWALE
600 Epic Way, Unit 485
San Jose, CA 95134;

SACHIN KHANDEKAR
2621 2nd Avenue, Unit 504
Seattle, WA 98121;

DEEPAK KHEMKA
12460 Cassena Road
Fort Wayne, IN 46814;

SHRUTI KHOKHA
3 McFarlin Road
Chelmsford, MA 01824;

SACHIN KIVLEKAR
3656 SW 166th Avenue
Miramar, FL 33027;

MURALI KRISHNA REDDY KONDA
9001 Violet Drive
Lantana, TX 76226;

BHARGAV KOSARAJU
1788 Glenstone Court
San Jose, CA 95121;

MANISH KOSARAJU
545 Council Circle
Vernon Hills, IL 60061;

VIVEK KOTA
3718 222nd Place SE
Bothell, WA 98021;

NIRMIT KOTHARI
2653 Fox Hill Circle East
Germantown, TN 38139;

LAXMI NARASIMHA RAO KUKKADAPU
8809 Stenson Street
McKinney, TX 75070;

SUJAY SHYAMSUNDAR KULKARNI
2835 N Wolcott Avenue, Unit D
Chicago, IL 60657;

ABRAHAM KULUNGARA
15413 Berry Pond Place
Haymarket, VA 20169;

KAMLESH KUMAR
15831 Garrison Circle
Austin, TX 78717;

PARDEEP KUMAR
522 Spring View Drive
Woodstock, GA 30188;

SAURABH KUMAR
39831 Pelton Terrace
Newark, CA 94560;

NAVEEN LAKAMSANY
13691 Monstrell Road
Frisco, TX 75035;

ABHISHEK LAL
7379 Birkdale Drive
Newark, CA 94560;

ANIRUDDHA ASHOKKUMAR LAUD
184 Marietta Drive
San Francisco, CA 94127;

YANGZHI LU
422 Yogi Court
San Jose, CA 95133;

QIMING MA
4545 Center Boulevard, Apt 4009
Long Island City, NY 11109;

ARUN KUMAR MADHAVA RAO
10961 NE 2nd Place, Apt 507
Bellevue, WA 98004;

PRITISH MADHAVAN
446 Spring Air Drive
Allen, TX 75002;

RAJESH MAHENDRAKUMAR
13104 Dianna Drive
Frisco, TX 75033-8019;

ANIL MALLU
1383 Rain Drop Drive
Collierville, TN 38017;

SRINIVASA BABU MANAM
1211 Blue Bill Way
Normal, IL 61761;

KARTHIKEYAN MANAMCHERI
SUKUMAR
1306 Choquette Drive
Austin, TX 78757;

ARULVELAN MANI
2037 Connecticut Lane
Sewickley, PA 15143;

PRAVEEN KUMAR MANTHRI
8638 Huebner Road, Apt 221
San Antonio, TX 78240;

HARI PRAKASH MARAPPAN
1 Parmley Drive
Acton, MA 01720;

JOSHUA MARKAS
1331 Placid Way
Chesapeake, VA 23320;

VISHAL MARNENI
2341 Malone Way
Evans, GA 30809;

VAIDEHI MEHTA
9702 Pony Spur
San Antonio, TX 78254;

AAYUSHMAN MISRA
11860 Shallowbrook Drive
St. Louis, MO 63146;

QIANQIAN MU
11100 Country Knoll
Austin, TX 78750;

YOGESH MULAY
36 Knickerbocker Lane
Malvern, PA 19355;

NIRMAL RAJKUMAR MUNUSWAMY
RAMALINGAM
15865 Savory Circle
Parker, CO 80134;

ABHISHEK NAIK
334 Pacifica Drive
Brentwood, CA 94513;

HARPREET SINGH NANRHAY
18115 NE 91st Court
Redmond, WA 98052;

KANTHI CHARAN NARRA
9522 Glenfiddich Trace
Brentwood, TN 37027;

SABARINATH NAVANEETHAKRISHNAN
2013 McBee Street
Austin, TX 78723;

MAHESH MANJUNATH NAYAK
244 La Crosse Drive
Milpitas, CA 95035;

SUJIR PRITHA NAYAK
4534 Normandy Avenue
Dallas, TX 75205;

NIKHIL NEMADE
11124 Persimmon Gap Drive
Austin, TX 78717;

VASANTH NEMALA
2501 Navarro Trail
Euless, TX 76039;

NIKHIL NILAKANTAN
420 Stonegate Drive
Washougal, WA 98671;

NIKHIL ORGANTI
14422 Rue De Gascony Court
Chesterfield, MO 63017;

ATCHUYTARAMKUMAR PACHIGOLLA
2514 N 186th Street
Elkhorn, NE 68022;

THENIMALAI GANESH PALANIAPPAN
6800 Badlands Drive
McKinney, TX 75070;

AIYAZ PANIWALA
1278 Hidden Ridge, Apt 2047
Irving, TX 75038;

ARUN PARTHASARATHY
3906 Macaw
Troy, MI 48083;

PANKAJ KUMAR PATHAK
4501 Ash Grove Drive, Apt C2
Springfield, IL 62711;

PARAG PATIL
22803 Clearwater Court, Apt 207
Novi, MI 48375;

SREERAMA KUMAR PAVANI
3687 Post Road, Apt 12
Warwick, RI 02886;

MAHESH REDDY PEDDAMAIL
269 Pinelli Drive
Piscataway, NJ 08854;

VAMSHI PEECHAR
6850 Peachtree Dunwoody Road, Apt 1129
Atlanta, GA 30328;

LAKSHMI SRI SAI SUDHESHNA
PINDIPROLU
104 Cruickshank Drive
Folsom, CA 95630;

URVISH PRAKASH VANZARA
279 Junipero Common
Fremont, CA 94536;

SATYANARAYANA PUSAPATI
9264 Enclave Green Lane East
Germantown, TN 38139;

SAMEER RAHEJA
46 N Street NW, Apt B
Washington, DC 20001;

RAMESH KUMAR RAJAN
1396 Hunters Mill Trail
Collierville, TN 38017;

SENTHIL RAMAIYAH
25844 Shoreline Drive
Novi, MI 48168;

HARISH KRISHNA RAMASWAMY
14617 Lyon Hill Lane
Huntersville, NC 28078;

SARAVANAN RANGANATHAN
40011 Braddock Road
Aldie, VA 20105;

RAGHAVI PRIYA RASETTY
1020 New Durham Road
Edison, NJ 08817;

ANSHUMAN RAWAT
153 Mill Green Avenue, Unit 100
Gaithersburg, MD 20878;

SANDEEP REPAKA
2459 NW Stoney Creek Drive
Issaquah, WA 98027;

DHRITIMAN SAGAR
4119 Via Marina, Apt 306
Marina del Rey, CA 90292;

ABHAYA SAHOO
105 Chipping Way, Apt 2
Louisville, KY 40222;

VIPIN SAINI
5 Wescott Drive
Hopkinton, MA 01748;

SHEHBAZ ALI MAKHDOOM ALI SAIYED
675 Tea Street, Apt 1306
Bound Brook, NJ 08805;

SAGAR SAMARIA
19903 Mulberry Pine Lane
Cypress, TX 77429;

LAKSHMI UMA SANKAR SAMUDRALA
308 108th Avenue NE, Apt C401
Bellevue, WA 98004;

RAMAKRISHNAN SARVESWARAN
214 Santa Fe Trail 3053
Irving, TX 75063;

KIRAN SASIDHARAN PILLAI
48023 Purpleleaf Street
Fremont, CA 94539;

ANKUR SHAH
90 Schoder Avenue
Woodbridge, NJ 07095;

ASIF SHAH
20 Belle Meade Drive SW
Rome, GA 30165;

DHAVAL SHAH
6125 98th Street, Apt 7K
Rego Park, NY 11374;

TUSHAR SHAH
214 Celebration Lane
Acworth, GA 30102;

JANI SHAIK
3685 Acadia Lane
Mason, OH 45036;

MOHAMMADERSHAD SHAIK
8313 Lookout Cliff Pass
Austin, TX 78737;

GAGAN KRISHANGOPAL SHARMA
110 Armour Drive
Monroeville, PA 15146;

JAYESH SHARMA
11129 Tampere Court
San Diego, CA 92131;

RONG SHEN
2022 Villagetree Drive
San Jose, CA 95131;

SRI HARI BABU SHERI
200 Heydon Court
Nolensville, TN 37135;

RASIK RAVIKANT SHETH
118 Avon Court
Malvern, PA 19355;

NITIN SINDHWANI
3326 Westborough Cove
Northlake, TX 76226;

KANWAR SINGH
186 Joaquin Circle
Danville, CA 94526;

PARMINDER SINGH
42874 Via Navarra
Fremont, CA 94539;

THULASIRAMAN SRINIVASAN
3393 Bramante Lane
Dublin, CA 94568;

KARTHIK SUNDARESAN
5 Forrest Hill Drive
Garnet Valley, PA 19060;

SAMEER PRAKASH TEJANI
1 E 8th Street, Apt 1012
Chicago, IL 60605;

SIRISH BABU TELUKUNTLA
3410 Duplin Creek Drive
Katy, TX 77494;

RAJUL TEREDESAI
12117 Westwood Hills Drive
Herndon, VA 20171;

MANJUNATH TERIKERE-CHIKKANNA
3898 Macaw Drive
Troy, MI 48083;

KASHYAPKUMAR THAKER
525 Sharon Garden Court
Woodbridge, NJ 07095;

RAMESH TIRUMALA
22939 Ocean Avenue
Torrance, CA 90505;

VIJAY TRIPATHI
514 Wildgrove Lane
San Antonio, TX 78258;

KALYAN TUMMALA
1795 Linnet Lane
Sunnyvale, CA 94087;

RAMA NARAYANA RAJU UDDARAJU
300 Constitution Avenue, Apt 428
Bayonne, NJ 07002;

SATHIRAJU UNDAVALLI
3003 Fairway Oaks Lane
Longview, TX 75605;

RAJ UPARKAR
1914 13th Avenue West, Apt 101
Seattle, WA 98119;

NAREN UPPULURI
122 Cypress Point
Huntersville, NC 28078;

SRIRAM VALLURI
5957 Meeker Drive
Eastvale, CA 92880;

ADITYA VARMA
2502 Twickenham Court
Bakersfield, CA 93311;

KARTHIK VASUDEVULA
2500 Old Farm Road, Apt 1037
Houston, TX 7706;

HARISH VEERAMACHANENI
403 Copeland Drive
Waynesboro, TN 38485;

KALYANI VEJELLA
101 Wentz Drive
Stonewall, LA 71078;

VENU GOPAL KRISHNAM RAJU
VEJELLA
3570 Abby Lane
Beaumont, TX 77713;

KRISHNA VEMPATI
4210 S Ravinia Drive, Apt 103
Milwaukee, WI 53221;

YASHWANTH VEMPATI
10890 Glengarry Lane
Dublin, CA 94568;

MAYANK VERMA
824 Lowry Avenue NE, Apt 2
Minneapolis, MN 55418;

VINOD VIJAYARAJAN
2033 Sicily Circle
Longmont, CO 80503;

VAMSI KRISHNA VITLA
800 Packhorse Drive
Mckinney, TX 75072;

ROHAN WALI
1073 Amelia Park Drive
Franklin, TN 37067;

PAVAN WALVEKAR
32801 Orick Street
Union City, CA 94587;

PENGFEI WU
52 Main Street, Apt 5E
Stoneham, MA 02180;

SYED YASEEN
564 Huset Parkway NE
Columbia Heights, MN 55421;

JIAYU YU
21 Windermere Road
Lincroft, NJ 07738;

XIAO YU
300 Bunn Drive, Apt B304
Princeton, NJ 08540

                        Plaintiffs,

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**,
5900 Capital Gateway Dr #2040
Camp Springs, MD 20746

And

**UR JADDOU, DIRECTOR**,
20 Massachusetts Ave, NW,
Washington, DC 20529

Defendants

# I.     INTRODUCTION

More than ever, the United States must recruit and retain the best international talent to compete in the global economy and maintain our national security. Congress created our employment-based permanent residency system to allow employers to fill jobs with insufficient American workers, and to encourage immigrants of extraordinary ability to remain in the US and contribute their talents to our society. However, because the Department of Homeland Security has failed to timely adjudicate certain green card applications, hundreds of thousands visas are going to be wasted and hundreds of thousands of Indian and Chinese professionals will miss their opportunity to become permanent residents. Instead, they will fall back into an interminable "backlog" of several years, sometimes decades, before they can immigrate.

Due to the COVID pandemic, an unusually low number of family-based green cards were approved in Fiscal Year 2020, causing unused family-based visas to a "roll over" into the employment-based category in Fiscal Year 2021.  This created a unique opportunity and obligation in Fiscal Year 2021 for US Citizenship and Immigration Services ("USCIS," a component of DHS) to approve more employment-based green cards than usual, and thereby

significantly reduce a years- or decades-long wait for Indian and Chinese applicants and their employers. At the beginning of the fiscal year, in October 2020, USCIS announced it would accept applications from thousands of Indian and Chinese nationals who had already waiting years, some over a decade. Finally, their time had come. But their joy and relief quickly turned to anxiety as it became clear that USCIS had no plan or intention to timely process these applications, which must be adjudicated before the end of the fiscal year. By failing to timely adjudicate these applications and unlawfully withholding adjudication of the visas, the agency is neglecting its nondiscretionary duty and is literally wasting hundreds of thousands of unused visas in clear frustration of congressional intent.

This was the ultimate bait and switch. Plaintiffs have followed the rules, completed the forms, abided by the onerous regulations and procedures, paid their filing fees, submitted their applications for permanent residency, and have placed themselves in the queue for receipt of permanent residence. USCIS has a clear non-discretionary duty to adjudicate the applications. However, if USCIS does not adjudicate their applications by September 30th, 2021, the end of the fiscal year, these additional visa numbers that have rolled over from the unused family category will be wasted. This will cause the already lengthy visa backlog to grow, and Plaintiffs will have to wait years or decades more before they become eligible for residency again. Plaintiffs, therefore, bring this action to request the Court order USCIS immediately adjudicate their applications, and/or that the Court order USCIS to "reserve" these additional visa numbers for the following fiscal year. In the alternative, Plaintiffs challenge the way USCIS allocates visa numbers as arbitrary and capricious.

## II.     JURISICTION AND VENUE

1.      Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 (Federal Question Jurisdiction) and 1361 (Mandamus).  Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

2.      This Court can also compel agency action that is unlawfully withheld, unreasonable delayed, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

3.      Further, this Court has subject matter jurisdiction under the Mandamus statute, 28 U.S.C. § 1361, giving District Courts original jurisdiction over any action in mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them.  In this case, Defendants have failed or refused to adjudicate Form I-485 applications for Lawful Permanent Residency for Plaintiffs in a timely and reasonable manner despite their clear, non-discretionary duty to do so, and there is no other adequate remedy available to Plaintiffs.

4.      This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. § 702).

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are the federal officers and agencies of the United States, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are headquartered in this District.

6.      There is no requirement to exhaust administrative remedies in this case.

7.      Plaintiffs have standing. Defendants' unlawful actions in delayed processing of Plaintiffs' applications has caused and continues to cause Plaintiffs a concrete and particularized injury. The requested relief will redress these injuries by allowing noncitizen Plaintiffs to obtain the immigration benefits for which they are otherwise eligible.

## III.     PARTIES

### A. Plaintiffs[1]

8.  Plaintiffs are 125 Indian and Chinese nationals who filed applications for permanent residency during or before December of 2020, along with their dependent family members (spouses and minor unmarried children).  The Department of Homeland Security ("DHS") has approved I-140 Petitions for Alien Worker for each Plaintiff or their employer, establishing that the Plaintiffs are eligible to apply for residency as:

- "aliens with extraordinary ability [whose work] will substantially benefit... the United States" (8 U.S.C. § 1153(b)(1)(A));

- "outstanding professors and researchers" (§ 1153(b)(1)(B));

- "multinational executives and managers" (§ 1153(b)(1)(C));

- "members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interest, or welfare of the United States" (§ 1153(b)(2)(A))

- "skilled workers," immigrants with baccalaureate degrees and members of certain professions (§ 1153(b)(3)(A)(i) and (ii).

---

[1] Each plaintiff has provided a sworn declaration attesting to their specific facts and harms suffered.  Due to the large number of Plaintiffs in this case, this complaint presents a sample.

9.   Plaintiffs have all filed I-485 Applications for Permanent Residency with USCIS, and have paid the required $1225 filing fee. Some have also paid an additional $1225 for "derivative" green card applications for their spouses and children, in addition to attorneys' fees.

10. For example, Plaintiff **Atreyi Chakrabarti** is a citizen of India living in Lutz, Florida. Dr. Chakrabarti's priority date is April 23, 2010. She is currently awaiting adjudication of her I-485, which has been pending with USCIS for nearly nine years, since October 15, 2012. Her I-485 receipt number is SRC1290203082. Dr. Chakrabarti and her spouse are both practicing physicians and have spent this past year on the front lines of the COVID-19 pandemic. While treating patients and putting their own lives at risk, they have endured the uncertainty and resulting hardships of their pending adjustment applications. "Our lives are now consumed with keeping up with immigration-related work while we are doing our jobs and raising our children." explains Dr. Chakrabarti.  She and her spouse are "feel cheated by the immigration system and the inhumane treatment rendered by the USCIS personnel." Since the submission of their applications in 2012, Dr. Chakrabarti has reached out to USCIS on multiple occasions and has only received "scripted responses." She has also contacted her Congresswoman and Senator's offices for assistance, without result. "Needless to say the emotional strain the 11-year wait has taken on our family is tremendous." says Dr. Chakrabarti.

11.   Plaintiff **Vivek Kota** is a citizen of India living in Bothell, Washington.  Mr. Kota's employer initially filed a petition for him March 28, 2014.  Mr. Kota's wife and youngest child applied for their adjustment of status in October 2020.  He is currently awaiting adjudication of those applications; the I-485 receipt number is LIN2190088093.  Mr. Kota describes how the lengthy backlog has already profoundly impacted his family as his oldest son has already turned

21 and is not eligible to apply for his legal permanent residency through his father's employment process.  Now the Defendant's delay in adjudicating his family's applications puts his daughter at-risk to age-out.  Mr. Kota describes how the Defendents' delay has impacted his family, "it was incredibly painful for our family when we learned that we would not be able to be together in the United States due to the backlog. My daughter will turn 21 on the 5th December 2021. If my case is not processed in time, I will also lose the opportunity for her green card. Our dream of having our family in the United States together will be lost. This will be a huge emotional and financial loss to us, our friends, and our community."

12.  Plaintiff **Vijay Tripathi** is a citizen of India living in San Antonio, Texas with his spouse and two children. Mr. Tripathi's employer initially filed a petition for him on December 7, 2011. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since December 28, 2020.  His I-485 receipt number is LIN2190263453. The lack of action in Mr. Tripathi's applications has had a profound effect on Mr. Tripathi and his family, as he has had to act as the sole emotional support and financial provider for his family, while his wife receives treatment for breast cancer. Mr. Tripathi states that, "As a single earner, [f]or looking after my family financially and emotionally, it is really important to get my green card in this financial year . . . [delays are] affecting our daily life mentally, physically and emotionally very badly."

13. Plaintiff **Syed Huq** is a citizen of India living in St. Louis, Missouri with his family. Dr. Huq's priority date is January 26, 2012. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 30, 2020. His I-485 receipt number is LIN2190173981. Dr. Huq arrived in the United States in September of 2001. During his time as an Oncology and Hematology physician, he provided care in underserved areas and his spouse

is currently training to work as an applied behavioral analysis (ABA) therapist. Dr. Huq has inquired multiple times about the status of his case, and has not received any updates since April 2021. The delay has taken a considerable toll on his family, as their oldest daughter (now age thirteen) has an autism spectrum disorder, and the availability of speech and behavioral therapy services in their current area is very limited. "These behavioral therapy services are time-sensitive for kids with autism spectrum disorders and impact their ability to be productive members of society in the future," says Dr. Huq. Additionally, the limited access to resources has interfered and delayed Dr. Huq's spouses' goal of becoming an ABA therapist, so that she can treat and provide support for children with developmental disorders, such as their daughter. Adjudication of Dr. Huq's case would allow them to relocate his family so his spouse can receive professional training and his daughter can receive the therapeutic services she needs.

14. Plaintiff **Rajul Teredesai** is a citizen of India living in Herndon, Virginia with his spouse. Mr. Teredesai's employer initially filed a petition for him on October 15, 2011. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 28, 2020. His I-485 receipt number is SRC2190068987. USCIS did not issue receipts for his case for nearly three months after filing, and still has not scheduled an appointment for Mr. Teredesai to provide biometrics.  He has made multiple online inquiries regarding the status of his case and has also contacted his US Senator for assistance. Mr. Teredesai is a Geotechnical Engineer with the second largest civil engineering corporation in the United States and works on "various defense infrastructure design projects for US Army Corps of Engineers and US Navy where [he] [is] required to travel outside the country to US military bases in the Middle-East and Africa." However, if Mr. Teredesai were to travel outside the United States for work,

he would abandon his pending adjustment of status application. Thus, Mr. Teredesai "cannot travel to work on these important projects for national security."

15. Plaintiff **Senthil Anand Balakrishnan** is a citizen of India living in Bellevue, Washington with his family. Mr. Balakrishnan's priority date is July 14, 2014. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 27, 2020. His I-485 receipt number is LIN2190128979.  The delay has taken a considerable toll on Mr. Balakrishnan's family, as his son and daughter are at risk of turning 21 before the application is adjudicated. If that happens, they will become ineligible for permanent residency and may be forced to leave the United States where they grew up. Mr. Balakrishnan has expressed that "every passing day brings him closer to aging out which is mentally and physically so draining and gut wrenching." Mr. Balakrishnan's son and daughter have lived in the United States since they were one and three years old respectively. Mr. Balakrishnan's daughter "feels American culturally and emotionally" and Mr. Balakrishnan stated that, "it crushes my heart to even imagine the pain we will go through if she ages out because of these delays."

16. Plaintiff **Yogesh Mulay** is a citizen of India living in Malvern, PA with his spouse and daughter. Mr. Mulay's employer initially filed a petition for him on October 12, 2011. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since November 2, 2020. His I-485 receipt number is SRC2190163014. Mr. Mulay has "lost business opportunities" and faced "career setbacks due to [his] lack of status." He and his family have been disconnected from their family abroad and feel that they are in limbo. Mr. Mulay grows more worried by the day for his daughter who has been in the United States since kindergarten, and is now applying for college. If she does not receive permanent residency she will not be eligible for many scholarships, which would limit her opportunities and cause financial strain

for the family. If she turns 21 before his application is adjudicated, she will no longer have legal status in the United States and would be forced to leave or be deported. Mr. Mulay states, "I cannot do anything [and] feel so helpless/frustrated . . . I can't voice this out being at a stage in my life where my daughter's future is most important & any wrong step I take would cause an impact to her career."

17.  Plaintiff **Shivani Arun Jain** is a citizen of India living in Seattle, WA with her spouse. Ms. Jain's employer initially filed a petition for her on January 25, 2011. She is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 29, 2020. Her I-485 receipt number is MSC2190382802. The delays in processing and uncertainty surrounding the adjudication of their applications have caused Mr. Jain and her spouse to experience "a high level of bad stress, anxiety and a loss of freedom." On May 25, 2021, almost 7 months after USCIS had received their applications, Ms. Jain contacted USCIS online, and still has not received a clear response about the status of their applications. Ms. Jain expressed that the prolonged delay in processing has left her and her spouse "at the mercy of [their] current employers" and that they have passed on "lucrative job opportunities because of the risk of hurting [their] immigration status." In addition to these professional obstacles, Ms. Jain and her spouse have indefinitely postponed starting a family together because they have read "horror stories of people spending decades waiting for their green cards and how it impacts their kids as they grow up and enter adulthood." This decision to postpone or possibly sacrifice childbearing has led to feelings of deep regret and shame.

18. Plaintiff Dr. **Senthil Ramaiyah** is a citizen of India living in Coimbatore, MI. Dr. Ramaiyah's employer initially filed a petition for him on September 14, 2010. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 15, 2020.

His I-485 receipt number is MSC2190067026. He has worked as a physician in Michigan since 2012, where he serves patients from a large rural area. Dr. Ramaiyah has spent more than a decade waiting for his opportunity to file his adjustment application and now fears he will miss this opportunity "because USCIS is unable to process my 485 in a reasonable time frame and the green card numbers are wasted." The delay has stalled Dr. Ramaiyah from advancing his career and moving up in his current practice to a Partner position. While he has been waiting for his opportunity to become a lawful permanent resident, Dr. Ramaiyah has watched as his junior colleagues surpass him as they are promoted to partner. Dr. Ramaiyah states, "I am under constant stress and emotional distress with not being able to put my roots down and settle down here for good just because of the adjudication delays."

19. Plaintiff **Dhritiman Sagar** is a citizen of India living in Marina del Ray, CA.  Mr. Sagar's employer initially filed a petition for him on September 25, 2014. He is currently awaiting adjudication of his I-485, which has been pending with USCIS since October 29, 2020. His I-485 receipt number is MSC2191488183. The adjustment process has been considerably difficult for Mr. Sagar, as USCIS improperly rejected it four times before accepting it *nunc pro tunc*.  With each attempted filing, USCIS took 4 to 8 weeks to erroneously reject the application, causing Mr. Sagar months of stress and uncertainty in addition to the indefinite wait for adjudication of his application.

### B. Defendants

20. Defendant United States Citizenship and Immigration Services ("USCIS") is the agency within the Department of Homeland Security which is responsible for adjudicating I-485 Applications for Lawful Permanent Residency.

21. Defendant Ur Jaddou is sued in her official capacity as the Director of USCIS.  In this

function, she oversees the Service Centers and Field Offices providing services for persons

seeking immigration benefits and provides decisions to individuals requesting immigration

benefits at Service Centers and Field Offices where the Plaintiffs' applications remain pending.

## STATUTORY BACKGROUND:
## IMMIGRANT PREFERENCE CATEGORIES,
## NUMERICAL LIMITS, AND ROLLOVER

22. Lawful permanent residency, colloquially known as a "green card," is the right to live

and work in the United States indefinitely and is a pathway to citizenship. *See generally* 8

U.S.C. § 1101(a)(20).  The Department of State ("DOS") can grant lawful permanent residency

with an "immigrant visa" for individuals abroad, and the Department of Homeland Security

("DHS" through its agency US Citizenship and Immigration Services ("USCIS")), can grant

lawful permanent residency via "adjustment of status" for individuals present in the United

States.  8 U.S.C. §§ 1101(a)(16), 1255(a). This Complaint refers to both grants of residency as

"visas" or "immigrant visas," because this is the terminology that DHS and DOS use when

calculating annual limits on permanent residents.

23. The Immigration Act of 1990 amended the Immigration and Nationality Act to establish

family-based, employment-based, and diversity categories for permanent residency

applications. Pub. L. No. 101-649, 104 Stat. 4978.  Within each of these categories, Congress

established an annual ceiling for the number of visas or adjustments of status that can be

accepted.  Within the employment-based categories, there are 140,000 available "visas" at the

start of each fiscal year in October.  In addition, any unused "visa numbers" from the family-

based categories from the prior fiscal year "roll-over" to the employment-based categories and

create additional visas above and beyond the 140,000 maximum. 8 U.S.C. § 1151(c)(4)(d)(2).

DOS and DHS are mandated to annually issue the prescribed 140,000 employment-based

visas, along with any "rolled over" visas from the family-based categories, within the fiscal year.  Additionally, if there are "left over" numbers at the end of the year in the employment-based categories, these visas "roll back over" to the family-based categories for the following fiscal year. 8 U.S.C. § 1151(c)(3)(C).  By implementing a roll-over and roll-back system for visas, Congress meant to maximize the usage of visas and ensure that no visas go to waste.

24. Both primary applicants and their "derivatives" (spouses and minor children becoming permanent residents) are counted against these annual limits.  *See, e.g.*, *Wang v. Blinken*, No. 20-5076, 2021 WL 2878848, (D.C. Cir. July 9, 2021) (holding that family members of employment-based investor visa applicants are counted against the numerical limit for that category).

25. Family-based visas are allocated differently.  There is no numerical limitation for "immediate relatives" (spouses, minor children, and parents of adult U.S. citizens). 8 U.S.C. § 1151(b)(2)(A)(I).  However, allocation of immediate relative visas still counts against the overall family-based visa allocation.  To calculate the maximum number of family-based visas for non-immediate relatives (such as the spouse of permanent residents and adult children of U.S. citizens), Congress established the following system: start with the number 480,000, subtract the number of immediate relative visas allocated the prior fiscal year, then add any unused employment-based numbers "rolled over" from the prior fiscal year. 8 U.S.C. § 1151(c)(1).

26. Because there are routinely more than 480,000 immediate relative visas issued each year (pre-pandemic), Congress also set a minimum of 226,000 family-based visas for non-immediate relative family-based cases (such as spouses and children of permanent residents).  This ensures that some visas will still be available for these groups even if the prior fiscal year

had a particularly high number of immediate relatives. 8 U.S.C. § 1151(c)(1)(B)(ii).

27. In practice, this has meant that there are always exactly 226,000 family-based non-immediate-relative visas available because the consistently high number of immediate relative applications cancel out any visa numbers "rolled over" from the employment-based categories.

28. The Immigration Act of 1990 also created per-country limitations, mandating that no country's citizens can make up more than 7 percent of the total number of family-based or employment-based visas in a given fiscal year. 8 U.S.C. § 1152(a)(2).

29. As a result of this per country limit, those countries with particularly high numbers of applicants in either the family or employment-based categories are placed in a queue, creating a line or "backlog" before they can apply for permanent residency. Within the employment-based category, the backlog is singularly long for those applicants from India and China. The rollover numbers at issue in this case will directly affect the size of the backlog of Indian and Chinese nationals. As employment-based visa numbers expire and go unused, rather than being diverted to the existing backlog, the visa backlog for Indian and Chinese nationals grows. In 2018, a Cato Institute study projected that an applicant from India with a bachelor's degree would wait an estimated **54 years** after her employer petitions for her before she is eligible to apply for permanent residency under the employment based third preference category.[2] These wait times are so dramatic that Cato estimated that thousands of immigrants will drop out of line by dying before they become eligible to apply for residency, reducing the projected wait-time to 49 years. *Id.*

---

[2] David J. Bier, *Policy Analysis: Immigration Wait Times from Quotas Have Doubled*, 873 CATO Inst., June 18, 2019, at 11, http://www.cato.org/sites/cato.org/files/pubs/pdf/pa-873-updated.pdf.

30. Under the current implementation of the rollover system, it is plausible that an employer could now wait decades for a petitioned employee, only to have that employee retire (or even die) before finally becoming eligible for a green card. This was not the intended result of the rollover system. *Id.* When Congress established the rollover system in 1990, the object was to improve wait times and reduce backlog in the immigration process. Indeed, if USCIS implements the system as Congress intended, it would significantly reduce the existing backlog by allocating "rolled over" numbers to backlogged applicants.

31. The rollover process between the family-based and employment-based visa allocations is designed to benefit both categories of intending immigrants, as well as to reduce the hardship for people from countries with larger immigrant populations.   In creating the rollover system, Congress intended to allow both family-based and employment-based categories to maximize the use of the prescribed numbers by allowing them to roll back-and-forth until they have all been used, avoiding visa wastage, and reducing backlogs to the extent possible.   As confirmation of this intent, Congress specifically exempted "rolled over" numbers from the employment-based per-country numerical limits, so that they could be used to reduce backlogs. 8 U.S.C. § 1152(a)(5)(A).

32. Unfortunately, the rollover system was created in 1990 and, due to the increased number of immediate relative applications and increased number of employment-based applicants in the backlog over time,[3] the formula has become less effective in utilizing unused employment-based numbers.

33. The number of immediate relative petitions has increased since the rollover system was

---

[3] *See* Bier, *supra* note 3.

instituted.[4]  Between 2002 and 2018, the increase in immediate relative petitions has caused the

demand for family-based visa numbers to historically reach the statutory minimum of 226,000.

The employment-based categories have subsequently lost the benefit of rolled-over visa

numbers because of the family-based category consistently defaulting to the base of 226,000

visas.  William A. Kandel, Cong. Research Serv., R43145, U.S. Family-Based Immigration

Policy 4 (2018).

34. The Family and Employment-based immigrant visa categories are not the only examples

of such numerical systems for visas within US immigration law. The H-1B visa for high-

skilled workers in specialty occupations also has an annual limit of 85,000 visas, representing

"the total number of aliens who may be issued visas or otherwise provided nonimmigrant

status during any fiscal year." 8 U.S.C. § 1184(g)(1), 8 USC § 1184(g)(5)(C).

35. In the employment (and family) based immigrant visa allocations, USCIS only allocates a

visa as "used" at the time the application is adjudicated and approved.[5] Using the same

language but reaching a different result, USCIS reserves each H-1B visa at the time an

employer files an H-1B petition with USCIS.[6] By allocating the visa at the point of filing,

USCIS permits an H-1B petition to remain approvable even if the processing time results in the

petition not being adjudicated within the fiscal year when it was filed.[7] By allocating

employment and family based visa numbers only at the time of final adjudication and approval,

USCIS increases the green card backlogs that Congress intended to ameliorate with the

---

[4] Andrew J. Pincus, *Memo to the Federation of American Scientist,* appendix (May 26, 2021).
Ex. A.
[5] USCIS Policy Manual, volume 7, part a, chapter 6, https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-6 (last visited 07/29/2021).
[6] Registration Requirement for Petitioners Seeking to File H-1B Petitions on Behalf of Cap-Subject Aliens, 83 Fed. Reg. 62406, 62412 (December 3, 2018).
[7] USCIS Policy Manual, volume 7, part a, chapter 6.

Immigration Act of 1990.

## V.     FACTUAL ALLEGATIONS

36. In Fiscal Year ("FY") 2020, the State Department and Department of Homeland Security used fewer family-based immigrant visa numbers than usual. The low family-based visa number utilization in 2020 resulted in a "roll over" of 122,000 visas into the employment-based categories for FY 2021.

37. In September 2020, the DOS calculated this "roll over" and announced that, because of the roll-over, the visa priority dates for certain Chinese and Indian employment-based immigrants would progress rapidly and that beginning in October of 2020, thousands of Indian and Chinese nationals would become eligible to file employment-based green card applications. U.S. Dep't of State, Bureau of Consular Affairs, Visa Bulletin, 3 (Sept. 2020). US employers had previously filed visa petitions for these workers and had approval notices for these foreign workers dating back as early as 2009 (for certain Indian nationals) and January 2016 (for certain Chinese nationals). U.S. Dep't of State, Bureau of Consular Affairs, Visa Bulletin, 3 (Sept. 2020). The advancing priority dates in the Visa Bulletin also meant that some Indian nationals, who were able to file for adjustment of status many years before, but whose cases were not adjudicated, now had hope that USCIS would finally issue their green cards.

38. As a result of this change in availability of visas due to the roll-over, between September and December 2020, thousands of Indian and Chinese nationals filed Form I-485 adjustment of status applications at USCIS.

39. USCIS was inadequately prepared to deal with the volume of applications that it received. Its mailroom operations experienced unprecedented backlogs. Receipt notices for cases filed during this period were routinely received months after filing (the standard timeline

for such receipts is two to three weeks).[8] USCIS also failed to process the filing fee checks for many cases until months after filing, resulting in applications being rejected months after filing. By the time they were rejected, the visas were no longer current, and they were no longer able to file.

40. In addition to processing delays, USCIS improperly rejected many applications, causing applicants to suffer through the stress and anxiety of missing out on the filing period and requiring an additional outlay of funds to try to fix the agency's error.[9]

41. If USCIS does not take quick, decisive, and drastic action to prioritize and process these green card applications much faster than it has so far this year, thousands of visa numbers that Congress intended the agency to utilize to alleviate the backlogs for Indian and Chinese nationals will disappear forever. Plaintiffs, who have already waited years or decades to apply for a green card, will be forced to wait even longer.

42. The most recent data available from USCIS indicates that approximately 273,000 employment-based green card applications were pending as of March 31, 2021.[10]

43. A USCIS officer requires an average of 98 minutes to adjudicate an I-485 Application for Permanent Residency. USCIS Fee Schedule and Changes, 84 Fed. Reg. 62280 (proposed rule, Nov. 4, 2019), 85 Fed. Reg. 46788 (final rule Aug. 3, 2020) (enjoined by *Immigrant Legal Res. Ctr. v. Wolf,* 107 Fed. R. Serv. 3d (Callaghan) 2108 (N.D. Cal. 2020).

---

[8] *See, e.g.*, USCIS Lockbox Updates, Jan. 8. 2021, https://www.uscis.gov/news/alerts/uscis-lockbox-updates ("As a result of COVID-19 restrictions, an increase in filings, current postal service volume and other external factors, you may experience a delay of four to six weeks in receiving your receipt notice after properly filing an application or petition with a USCIS lockbox.. . . you may experience significant delays if you filed a non-family-based Form I-485, Application to Register Permanent Residence or Adjust Status."
[9] See Plaintiff Sager's allegations in Paragraph 18.
[10] USCIS, Immigration and Citizenship national data, https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data (last visited July 29, 2021).

44. Employment-based adjustment of status applications should take less time than the average because they typically do not require an in-person interview at a local field office, and they can be adjudicated at one of several USCIS' Service Centers.

45. However, at the pace USCIS is currently processing, the approximately 273,000 pending employment-based adjustment of status applications will take significantly more than one year to process, leaving little hope that Plaintiffs' applications will be adjudicated by the September 30th deadline to use the available visas for that fiscal year.

46. USCIS is currently processing most of Plaintiffs' applications at its Texas and Nebraska Service Centers.  USCIS reports that the median processing time for employment-based green card applications at the Texas Service Center is 27 months, while the approximately 7% of cases take over 62.5 months. [11]  At the Nebraska Service Center, the median applicant can expect to wait 11 months, while 7% take longer than 17 months.[12]

47. These lengthy and wildly divergent processing times are part of a trend that predates the challenges of the COVID-19 pandemic.  Although the underlying law and procedure have not changed, delays for employment-based green card applications have increased dramatically in recent years. The agency took approximately 6.8 months to adjudicate an employment-based green card application in in FY 2016, then 8.1 months in FY 2017, 11.1 months in FY 2018, 12.8 months in FY 2019, and 14.4 months in FY 2020.[13]

48. The numeric system for green card applications is considered by USCIS both at the time

---

[11.] *Id.*, *see also* Case Processing Times, https://egov.uscis.gov/processing-times/more-info (last visited July 30, 2021) (explaining how USCIS calculates its published case processing time ranges)

[12] *Id.*

[13] USCIS, Historical National Average Processing Time (in Months) for all USCIS Offices for Select Forms by Fiscal Year, https://www.uscis.gov/archive/historical-national-average-processing-time-in-months-for-all-uscis-offices-for-select-forms-by.

of filing to ensure the time of filing it can be accepted for processing and again at the time of

adjudication to make sure a visa number is available for approval.  If a visa number is not

available, the application is held in abeyance until a number becomes available, sometimes

many years in the future.[14]

49. Despite mirroring statutory language, USCIS policy counts visa numbers differently in

different contexts.[15] For green card applications, the USCIS counts a visa number at the time of

the final adjudication of the application. For nonimmigrant H-1B visa petitions, USCIS counts

the visa number as used on the date that the petition is filed, and reserves the visa number even

if the petition is approved in the current or following fiscal year.  Employers file H-1B petitions

prior to the start of the fiscal year, and USCIS "reserves" their numbers at the time of

application for the following year.

50. USCIS's unexplained inconsistency prejudices family and employment-based green card

applicants by causing unnecessary waste of Congressionally mandated visa numbers, and

exacerbates the green card backlogs. This arbitrary and capricious interpretation especially hurts

employment-based applicants from India and China, including each of the Plaintiffs in this case.

**TRAC Factors**

51. The Administrative Procedure Act ("APA") requires that an agency conclude a matter

presented to it "within a reasonable time." 5 U.S.C. §555(b). To determine what constitutes a

reasonable time, courts look to the following factors laid out in *Telecomms. Research & Action

Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1) whether the time an agency takes to render a decision is governed by a "rule of reason;"

---

[14] USCIS Policy Manual, volume 7, part a, chapter 6, https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-6 (last visited July 29, 2021).

[15] *See* Pincus *at* 7.

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to act, then the enabling statute and statutory scheme may supply content for this rule of reason;

(3) delays in the realm of economic regulation are less tolerable when human health and welfare are at stake;

(4) consideration of the effect of expediting delayed action on agency actions of higher or competing priority;

(5) the nature and extent of the interests prejudiced by delay; and

(6) the impropriety of agency lassitude is not required to find that agency action has been unreasonably delayed.

52.    An analysis of the TRAC factors demonstrates that Defendants have unreasonably delayed adjudicating Plaintiffs' applications for permanent residency.

53.    The rule of reason suggests that USCIS's processing of employment-based adjustment of status applications according to its published timelines constitutes an unreasonable delay. The Defendant's published processing times range from 11 to 62.5 months. Defendants estimate that such applications take 1.63 hours to adjudicate. Current processing times will result in a loss of thousands of visas which have been allocated to be processed within FY 2021 according to the rules established by Congress in the Immigration Act of 1990, and will cause Plaintiffs to wait not months, but possibly years or decades longer until they become eligible for residency again. When DHS had ample warning of the increased number of applications for FY 2021, and knew that these visas had to be adjudicated by the end of the fiscal year or be completely wasted, it is unreasonable that the agency made no plan to timely process these applications.  The agency happily accepted the millions of dollars in legal fees for the I-485s, knowing full well that the

agency did not have the resources or capacity to adjudicate the thousands of applications received by September 30th.

54.     Congress has made clear that it expects USCIS to adjudicate applications for permanent residency expeditiously. The Immigration and Nationality Act specifies that immigration benefit applications should be adjudicated within 180 days. 8 U.S.C. § 1571(b) ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application").

55.     Because Congress created time-limitations and numerical limitations for visa availability, it presumably anticipated that agencies would endeavor to adjudicate applications within each fiscal year such that allocated numbers would not simply disappear.

56.     All Plaintiffs' cases have been pending with USCIS far beyond the anticipated 180-day processing time. USCIS data suggests they have no plan or intention to adjudicate them by September 30. Even considering the logistical challenges faced by the agency considering the COVID-19 pandemic – during which USCIS has continued to process cases – the agency's processing times for these cases are unreasonable.

57.     USCIS's unreasonable delays are causing significant harm to Plaintiffs.  Plaintiff Dr. Huq's son has autism spectrum disorder and cannot access necessary medical and developmental support where the family lives, but they cannot move because they are tied to the petitioning employer until the green card application is improved.  Dr. Huq's spouse's career is also stalled because there are insufficient professional opportunities in their area.  Plaintiff Mr. Teredesai is a geotechnical engineer for the second largest civil engineer corporation in the United States and has had to decline international trips for important projects related to national security because he cannot travel internationally without abandoning his green card application. Plaintiff

Dr. Chakrabarti and her spouse are both physicians treating COVID-19 patients; the uncertainty about whether and when they will finally become permanent residents has exacerbated the stress they are already enduring this year. Plaintiff Mr. Sagar applied for his green card in October 2020 and USCIS rejected his application. After several attempts, he was able to get the agency to accept the case.  He now fears that the delayed adjudication will result in his two children aging out and not being able to obtain their green cards through his application. The professional and personal impacts of Defendants' delay has adversely affected the plaintiffs and their family members applying with them.

58.     Any burden that the Defendants face by adjudicating Plaintiffs' permanent residency applications is *de minimus*, and no higher or competing priority outweighs the harms that the Plaintiffs face.

## VI.     RESERVATION OF RIGHTS

59.     Plaintiffs reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## VII.     CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Unreasonable Delay)

60.     The APA requires administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." 5 U.S.C. § 555(b).

61.     The "agency action" covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent to denial thereof, or *failure to act*." 5 U.S.C. § 551(13) (emphasis added).

62.     The APA explicitly provides a right of judicial review to a person "adversely

affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

63.     Accordingly, when a proper showing is made, the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

64.     In particular, Congress has declared that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application[.]" 8 U.S.C. §1571(b).

65.     Defendants owe Plaintiffs a duty to adjudicate their and their family members' applications for lawful permanent residency and have unreasonably failed or refused to perform that duty.

66.     Despite having ample notice that they would receive an unusually high number of green card applications at the beginning of Fiscal Year 2021, Defendants have apparently made no plan to promptly adjudicate them, and instead have willfully and unreasonably delayed the adjudication of Plaintiffs' applications, forcing Plaintiffs to endure a long and uncertain wait.

67.     Defendants have willfully and unreasonably delayed the adjudication of Plaintiffs' applications, and will fail to use all available visa numbers if it does not promptly adjudicate these applications.  If Defendants do not adjudicate Plaintiffs' green card applications by September 30, 2021, Plaintiffs will likely have to wait many more years until they become eligible again, and their congressionally-allocated visa numbers will be completely wasted.

68.     Plaintiffs have a right to have their applications for lawful permanent residency adjudicated within Fiscal Year 2021, and they have no other adequate legal remedy available to them. Defendants' continued delay has deprived Plaintiffs of the many privileges that accompany the approval of their lawful permanent residency, including the right to work for any employer, the right to travel freely and return to the United States, and most importantly, a pathway to apply

for US citizenship.

69.     For these reasons, this Court should find that the delay in processing Plaintiffs'
cases is not reasonable and should order the Defendants to adjudicate Plaintiffs' applications by
September 30, 2021.

## SECOND CAUSE OF ACTION

### (Arbitrary and Capricious Actions in Violation of the Administrative Procedure Act

### (5 U.S.C. § 706(2)(A))

70.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs.

71.     "The reviewing court shall. . . hold unlawful and set aside agency action. . . found
to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5
U.S.C. § 706(2)(A). The Court may further review and set aside final agency action in excess of
statutory jurisdiction, authority, or limitations. . . or without observance of procedure required by
law. 5 U.S.C. §§ 706(2)(C)-(D).

72.     The agency-delayed processing of Plaintiffs' applications is arbitrary and
capricious and abuses agency discretion.  The unreasonably long processing times for the
employment-based applications for permanent residency are not justified by the time necessary to
adjudicate those applications.

73.     This Court should therefore order USCIS to expedited adjudicating applications
before October 1, 2021.

## THIRD CAUSE OF ACTION

### (Writ of Mandamus Act (28 U.S.C. § 1361))

74.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs.

75.     Plaintiffs seeks a writ of mandamus to compel Defendants "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

76.     Defendants have a nondiscretionary, mandatory duty to adjudicate Plaintiffs' permanent residency applications within a "reasonable time."

77.     Defendants have unlawfully and unreasonably delayed and withheld the adjudication of Plaintiffs' and their family members' applications despite having all information and supporting documents necessary to do so.

78.     Therefore, Plaintiffs seek an order compelling the Department of State to adjudicate plaintiffs and their family members' permanent residency applications without further delay, by September 30, 2021.

### FOURTH CAUSE OF ACTION

### (Agency Action Unlawfully Withheld in Violation of the Administrative Procedures Act
### (5 U.S.C. § 555(b); 5 U.S.C. § 706(1))

79. Plaintiffs repeat and reallege the averments in all preceding paragraphs of this complaint.

DHS has withheld action on Plaintiffs' cases without authority to do so.

### FIFTH CAUSE OF ACTION

### (Arbitrary and Capricious Actions in Violation of the Administrative Procedure Act
### (5 U.S.C. § 706(2)(A))

1.  Pursuant to 5 U.S.C. § 701(b)(1), United State Citizenship and Immigration Services is subject to the Administrative Procedure Act ("APA").

2.  "The reviewing court shall. . . hold unlawful and set aside agency action. . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The Court may further review and set aside final agency action in excess of statutory

jurisdiction, authority, or limitations. . . or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(C)-(D).

3. USCIS's inconsistent application of numerical systems between the H1B lottery system and the green card system when statutory language mirror one another is unjustifiable.

4. This court should order USCIS to reserve green cards numbers at the time an application is filed like the system USCIS utilizes for the H1B lottery process.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Issue a Writ of Mandamus compelling Defendants to adjudicate Plaintiffs and their family members' I-485 applications for lawful permanent residency before September 30, 2021;

(3)     Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiffs' applications for lawful permanent residency to be in direct violation of the APA, the INA, and federal regulations;

(4)     Order any other relief that may be equitably necessary, such as ordering USCIS to "hold" extra employment-based visa numbers beyond Fiscal Year 2021, to allow adjudication of Plaintiffs' applications in Fiscal Year 2022 without lowering the overall number of visas available for other applicants in Fiscal Year 2022;

(5)     Order that all the above shall be done expeditiously.

(6)     In the alternative, order USCIS to change its interpretation of immigrant visa allocation to match its H-1B visa allocation system, such that the Plaintiffs' visa

numbers will be considered "used" or "reserved" at the time they filed their

applications, not at the time of final adjudication;

(7)     Award Plaintiffs costs of suit and reasonable attorney's fees under the Equal

Access to Justice Act, 42 U.S.C. §1988, and any other applicable law;

(8)     Enter all necessary writs, injunctions, and orders as justice and equity require; and

(9)     Grant such further relief as this Court deems just and proper.


Respectfully submitted this __12___ day of August, 2021;


__/s/ Jeff D. Joseph_

JEFF D. JOSEPH
District of MD Bar ID: 22325
Atty. Reg. No. (Colorado) 28695
Joseph & Hall P.C.
12203 East Second Avenue
Aurora, CO 80011
(303) 297-9171
jeff@immigrationissues.com

CHARLES H. KUCK
Georgia Bar #: 429940
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
ckuck@immigration.net
*Appearing pro hac vice*


GREG SISKIND
Tennessee Bar #: 14487
Siskind Susser PC
1028 Oakhaven Rd.
Memphis, TN 38119
gsiskind@visalaw.com
*Appearing pro hac vice*

Attorneys for Plaintiffs