IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ATREYI CHAKRABARTI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. PJM-21-1945 |

**MOTION TO TRANSFER VENUE OR DISMISS THE AMENDED COMPLAINT**

Defendants, by undersigned counsel, move to transfer this case pursuant to 28 U.S.C. § 1404(a) to the judicial districts in which U.S. Citizenship and Immigration Services (USCIS) is adjudicating Plaintiffs' Applications, or alternatively, for each claim remaining in this District, dismiss the Amended Complaint, and for good cause state:

1. The Amended Complaint (ECF 11) was filed by 196 Plaintiffs on August 13, 2021—under a single filing fee -- seeking to compel the adjudication of his/her Form I-485 Application to Register Permanent Residence or Adjust Status (Application) by September 30, 2021. On August 20, 20212, Plaintiffs filed a motion (ECF 19) requesting the extraordinary grant of a preliminary injunction (PI Motion) requiring Defendants to expedite adjudication of their employment-based (EB) Applications by September 30, 2021.

2. Plaintiffs brought suit in the District of Maryland, but none of the allegations or claims concern actions or individuals associated with this District. Plaintiffs reside in 27 states (only three reside in Maryland) and the District of Columbia. At the time of suit, the majority of the Applications were pending at two service centers operated by USCIS in Texas and Nebraska,

and the remaining applications are pending either at the National Benefits Center in Missouri or in field offices in 19 cities across the country (but not in Maryland).  Plaintiffs fail to plead facts sufficient to show that they are related in any way to each other.  Nor do their claims have anything in common besides the fact that they have pending Form I-485 Applications.  USCIS moves to sever these claims, each of which presents its own unique circumstances, and transfer them pursuant to 28 U.S.C. § 1404(a) to the more appropriate judicial districts where USCIS is adjudicating the Applications.

   3. Alternatively, should the Court allow any claims to remain here, it should deny the Plaintiffs' PI Motion and dismiss the Amended Complaint in its entirety.  First, the Court should dismiss as moot the Plaintiffs (12 to date) whose Applications have already been decided by USCIS in the normal course of its processing.

   4. As to the remaining Plaintiffs, they fail to meet their burden to show standing to bring this action. They fail to demonstrate a concrete and particularized injury fairly traceable to USCIS, particularly in light of the pandemic which has caused delay. Plaintiffs were never guaranteed that their Applications would be adjudicated by September 30, 2021, and moreover, that their Applications would be approved. Plaintiffs' alleged injuries are not traceable to USCIS to the extent the Department of State (DOS), who is not a defendant, has used 16,094 (and running) visa numbers, and it is DOS who determines the number of visas to be allotted. Moreover, USCIS cannot be responsible for any injury where it must follow statutory requirements, 8 U.S.C. § 1151(c)(1)(A) and 8 U.S.C. § 1153(c)(3)(C), to roll-over all unused EB visa numbers.  Any injuries Plaintiffs suffer are caused by choices made by Congress, not Defendants. Finally, a Court ordering USCIS to adjudicate Plaintiffs' Applications by September

30, 2021 would not redress the alleged injury, but would instead give them far more favorable treatment than they are entitled to at the expense of all other EB visa applicants.

5. Alternatively, this District Court has repeatedly ruled that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) contained in the Immigration and Nationality Act (INA) expressly divests this Court of jurisdiction to order the review of these Applications within any specific time period.

6. Even without this provision, the Court would still lack jurisdiction over the mandamus complaint because Plaintiffs have no clear right to an immediate adjudication of the Applications, and the Defendants have no clear duty to provide such relief.

7. The APA likewise precludes review because compelling adjudication of the Applications within a specific time is committed to agency discretion.

8. Even if the Court finds it has jurisdiction, which it does not, to consider the merits of any claims remaining in this District, Plaintiffs fail to allege sufficient facts to state a claim that the pending time of five to nine months for adjudicating the Applications constitutes unreasonable delay. Plaintiffs may not use a mandamus action to simply skip ahead of other applicants in line.

9. Additionally, the APA claims for alternative relief - holding all unused EB visa numbers from this fiscal year to use in the next, or reserving a visa number at the time a Form I-485 is filed – fail because Plaintiffs do not show that they are entitled to this relief, or that these are discrete agency actions that USCIS is legally required to take. Rather, USCIS is required by statute to roll over any unused EB visa numbers to the next year. Plaintiffs cannot by court decree, rather than in the halls of Congress, seek restructuring of the visa allocation program enacted by Congress. Further, USCIS has taken proactive steps in coordination with the DOS to maximize adjudications of EB visas and as a result of these efforts, USCIS is on track to approve more EB

adjustment of status applications than it has since FY 2005.

10. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of law.

Respectfully submitted,<br>
Jonathan F. Lenzner<br>
Acting United States Attorney<br>
<br>
/s/<br>
Vickie E. LeDuc (Bar No. 805577)<br>
Assistant United States Attorney<br>
36 S. Charles Street, Fourth Floor<br>
Baltimore, Maryland 21201<br>
410-209-4800<br>
Vickie.LeDuc@usdoj.gov<br>
<em>Counsel for Defendants</em>

## CERTIFICATE OF SERVICE

I certify that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

/s/<br>
Vickie E. LeDuc<br>
Assistant United States Attorney